[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff John Morocco, seeks to recover damages from his employer, Rex Lumber Co. for injuries to his hand involving the amputation of two fingers which occurred when his right hand became caught in a molding machine. He claims that his injuries were caused by the "willful and serious misconduct of the defendant in that the defendant:
 (a) required plaintiff to operate said molder CT Page 13915 where the spinning blade was unguarded . . .
 (b) failed to warn plaintiff of the dangers of using said molder, due to the lack of a guard to cover the blade.
 (c) failed to provide a protective cover, guard or other protective device . . .
Plaintiff further alleges that defendant should have known that injury to plaintiff was "substantially certain" to occur.
On October 13, 1998, the defendant filed this motion to strike the plaintiff's complaint on the ground that the complaint fails to state a cause of action upon which relief may be granted because the plaintiff's exclusive remedy is pursuant to the Workers' Compensation Act, General Statutes § 31-284.
It has been recognized that a narrow exception exists to the exclusivity of the Worker's Compensation Act "when the employer has committed an intentional tort or where the employer has engaged in willful or serious misconduct." Suarez v. DickmontPlastics Corp. , 229 Conn. 99, 106, (1994). That exception has been expanded slightly by including within the definition of "intentional torts" the substantial certainly test; that is an employer may be liable beyond worker's compensation when the employer "desires to cause the consequences of his act, or that he believes that the consequences are substantially certain to follow from it." Suarez v. Dickmont Plastics Corp. , supra, 108.
It is sometimes difficult to draw a line between conduct of an employer falling within the exclusivity provision and that covered by exception.
In Picerno v. Alexsis, Inc., 1998 WL83233 Conn. Super. (February 17, 1998, Wagner J.) this court declined to grant summary judgment against the plaintiff based on the exclusivity statute holding that there was a material question of fact as to whether an employer's reliance on an erroneous investigation report in terminating plaintiff's compensation payments amounted to intentional conduct.
In Hager v. John Hancock Mutual Life Insurance, 1996 WL151888 (Conn.Super., March 14, 1996, Wagner, J.) the court granted employer's motion to strike a complaint for intentional CT Page 13916 infliction of emotional distress alleging that a supervisor had screamed at and pushed her because these were insufficient to charge the employer with intentional conduct so as to withstand the "exclusivity" claim.
Rivera v. Calbox Corp. , 1998 WL61919 (Conn.Super., February 5, 1998, Wagner, J.) is a case similar in facts to the present case in which the court denied a motion to strike a complaint seeking damages for hand injury caused by the unprotected blade of a machine. Plaintiff claimed she was "required" to insert her hands into the jaws of a machine press to push cut pieces out, that the employer knew of the danger because the machine had malfunctioned similarly in the past several times, causing injuries similar to those suffered by plaintiff and that nevertheless the employer refused to install a protective device.
The Rivera allegations fall much closer to the Suarez
exceptions than do the allegations of the present case. In Suarez
itself, the employer allegedly required the plaintiff to engage in unsafe conduct and threatened to fire him if he used safer methods. The allegations in this case fall below the line drawn in Suarez or by this court in Rivera and do not fall within the exception. In accord; Shpak v. Beard, judicial district of New Haven, Docket No. 369337 (July 9, 1997, McMahon, J.); Confort, etal. v. Christie, judicial district of Waterbury, Docket No. 135828 (July 31, 1998, Pellegrino, J.).
It may be that the exclusivity provision is better raised as a special defense rather than a motion to strike (see Allison,Administrator v. Silverlieb, 20 CONN. L. RPTR. No. 18, 616 (January 26, 1998, Leheny, J.) but that argument was not raised in this case.
Motion to strike granted.
Jerry Wagner Judge Trial Referee